IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TANYA BLACK YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | CIVIL ACT. NO.  2:11CV889-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Before the court is the motion for attorney fees (Doc. 24) filed by the Plaintiff, Tanya Black Young. Young seeks reimbursement for twenty-eight hours of work performed by her attorney.

**I. DISCUSSION**

In social security cases, attorneys' fees may be awarded pursuant to the Equal Access to Justice Act ("EAJA"), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A).

It is undisputed that Young is the prevailing party for purposes of qualifying for an

award of attorneys' fees under the EAJA. 28 U.S.C.A. § 2412(d)(1)(A); *see Shalala v. Schaefer*, 509 U.S. 29, 300-01 (1993) (holding that a social security claimant is the prevailing party for purposes of the EAJA when the court remands a case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)). However, the Commissioner objects to an award of fees because, she contends, her position was substantially justified in light of the fact that this case was not remanded for any of the reasons argued by the Plaintiff in her initial brief, but due to a glaring error of law in the ALJ's decision that the parties addressed after the court ordered them to do so.

**A.     The Commissioner was substantially justified in opposing Young's initial arguments.**

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'-*i.e.* when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In her initial brief in this case, Young raised two issues: first, whether the case should be remanded on grounds that the ALJ failed to consider certain exhibits consisting of pharmacy printouts and "subsequent mental health records," and, second, whether the ALJ committed reversible error by "not considering the entire period at issue." (Doc. 12 p. 1). As the Commissioner correctly pointed out in her response to the Young's initial brief, these arguments were substantially flawed.

As to Young's argument that the Commissioner's decision should be reversed because the ALJ failed to consider certain pharmacy printouts found in Exhibit 20F, the

2

Commissioner was substantially justified (and, in fact, correct) in pointing out that the pharmacy records to which Young referred were duplicative of other evidence in the record that the ALJ *did expressly* consider and, thus, any error in failing to take note of them could not have formed the basis for reversal. (R. 62 (the ALJ's express acknowledgment of Exhibits 18F and 19F); R. 579-88 (Exhibit 18F, consisting of records from CVS Pharmacy dated September 18, 2009 and September 17, 2009); R. 589-590 (Exhibit 19F, consisting of records from Wal-Mart Pharmacy dated September 17, 2009); R. 592-603 (Exhibit 20F, containing the same CVS and Wal-Mart Pharmacy records)). Furthermore, the pharmacy records in Exhibit 20F are simply printed lists of prescriptions filled by each pharmacy; their relevance to merits of the ALJ's decision is not self-evident, and Young offered no explanation as to why these lists of medications could have called *any* of the ALJ's findings into question. The ALJ was substantially justified in arguing that, even if the ALJ failed to consider Exhibit 20F, that failure did not justify reversal. *See Dioro v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding an error harmless where the ALJ would have reached the same decision despite the error).

As to Young's argument that the Commissioner's decision should be reversed because the ALJ failed to consider "subsequent mental health records," the Commissioner was also substantially justified (and very correct) in arguing the well-settled point that an ALJ is not required to consider records that are submitted *after the date of his decision*. 20 C.F.R. § 404.953 ("The administrative law judge must base the decision on the preponderance of the

3

evidence offered at the hearing or otherwise included in the record."); 20 CFR § 416.1453 (same); *see also* 20 C.F.R. § 404.970(b) (providing for review by the Appeals Council where new and material evidence is submitted after issuance of the ALJ's decision); 20 C.F.R. 416.1470(b) (same). By referring to the records as "subsequent mental health records," Young herself appears to acknowledge that her mental health records ( Exhibit 21F) were submitted *after* the date of the ALJ's decision.[1] (Doc. 12 p. 9). Nevertheless, Young argues that "the ALJ should have had access" to exhibit 21F but "we do not know why [the mental health records] were not given to the ALJ" (Doc. 12 p. 10) – an argument that strains credulity. Exhibit 20F consists of medical records dated December 15, 2009 through January 6, 2010. (R. 605-27). The ALJ's decision was issued on November 16, 2009. (R. 72). Obviously, the records in Exhibit 20F could not possibly have been given to the ALJ before he issued his opinion *because they did not yet exist.*[2] The Commissioner was substantially

---

[1]"The administrative law judge has a duty to develop the record where appropriate." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Young did not argue that the ALJ failed to develop the record by providing an opportunity to supplement the record prior to issuing a decision. In any event, the ALJ clearly *did* offer her that opportunity. In his opinion, the ALJ stated that, "[a]t the conclusion of the hearing on September 17, 2009 . . . the claimant's attorney was provided with a thirty-day period in order to obtain additional evidence." (R. 62). At the conclusion of the hearing, Young's attorney was under the impression that she would have forty days to provide additional evidence. (R. 55). The mental health records contained in Exhibit 21F did not come into existence, and therefore could not have been submitted, until at least three months after the administrative hearing.

[2]The court notes that 20 C.F.R. §§ 404.970(b) and 416.1470(b) provide for the Appeals Council to review "new and material evidence" submitted after the date of the ALJ's decision. *If* the new and material evidence "relates to" the period *on or before* the date of the ALJ's hearing decision, the Appeals Council will evaluate the entire record, including the new and material evidence, and determine whether the ALJ's decision is contrary to the weight of the record as a whole. 20 C.F.R. §§ 404.970(b), 416.1470(b). Young states that Exhibit 21F "was obviously submitted because the Appeals Council had" Exhibit 21F when it considered her request for review and "[it] is in the transcript." (Doc. 12 p. 10). The Appeals Council expressly determined that Exhibit 21F "does not provide a basis for changing the [ALJ's] decision." (R. 1-2,

justified in opposing Young's argument on grounds that an ALJ is not required consider evidence that does not exist and has not been submitted at the time he issues his decision. 20 C.F.R. § 404.953.

The Commissioner was also substantially justified in opposing Young's argument that the ALJ "committed reversible error by not considering the entire period at issue." (Doc. 12 pp. 1, 12). Young argues that the ALJ considered whether she was disabled prior to June 30, 2008, her date last insured,[3] but that the ALJ failed to consider, for purposes of Young's application for benefits under Title XVI of the Social Security Act, whether Young became disabled at a later date. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (explaining the dates of eligibility for disability insurance benefits and supplemental security income). However, as the Commissioner easily pointed out, and as is plain on the face of the ALJ's decision, the ALJ expressly determined that "the claimant has not been under a disability within the meaning of the Social Security Act from December 15, 2006 through the date of [the ALJ's] decision," *i.e.*, November 16, 2009. (R. 63, 72). Further, the ALJ expressly considered evidence, including medical evidence, from (and before) June 30, 2008, up to the date of his decision. Accordingly, Young's argument has no logical relationship whatsoever to the

---

4). Thus, although Young's attorney may not have understood "why" Exhibit 21F was "not given to the ALJ," "we" certainly do because the Appeals Council's decision provided the explanation for us. (R. 2; Doc. 12 p. 10). Young never challenged the Appeals Council's determination that the new evidence did not justify further administrative review.

[3]Young asserts that June 30, 2008 was her date last insured. (Doc. 12 p. 12). However, the ALJ determined that Young had acquired "sufficient quarters of coverage to remain insured through December 31, 2009," a date more favorable to Young's Social Security application than the one she inexplicably chose to use instead. (R. 63, 64).

5

ALJ's opinion, and the Commissioner was substantially justified in opposing that argument. *Douglas*, 55 U.S. at 588 (holding that the government's position is substantially justified under the EAJA "when it has a reasonable basis in both law and fact").

**B.     The Commissioner was substantially justified in its response to this Court's February 15, 2013, Order.**

Although the flaws in Young's initial arguments were quickly apparent when this Court undertook its routine consideration of this case, a legal error on the part of the Commissioner was likewise immediately glaringly obvious. An ALJ fails to follow controlling law[4] when he fails to consider or fails to state a basis for rejecting the plaintiff's allegations of pain and other subjective symptoms, particularly where the medical record contains objective evidence of underlying conditions that could reasonably give rise to those symptoms. *See, e.g., Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). As noted by the plaintiff in her brief (Doc 12 pp. 5-8), and as noted far more extensively in the ALJ's opinion (R. 67-70), the medical record includes diagnoses of dysmenorrhea and menorrhagia by treating and consulting physicians. Further, the plaintiff in this case testified at length at the hearing before the Administrative Law Judge (ALJ) regarding the pain and limiting

---

[4]In a social security case, the legal conclusions of the Commissioner are reviewed with close scrutiny, and the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). Further, although review of the Commissioner's findings of fact is limited to determining whether those findings are supported by substantial evidence, this court has the duty to "scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] factual findings." *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987) (citations omitted).  The presumption of deference to the Commissioner's factual findings "does not permit [the court] to close [its] eyes when presented with clear error in the application of the governing statute, or with evidence insubstantial on its face." *Powell v. Heckler*, 773 F.2d 1572, 1575 (11th Cir. 1985).

effects of her dysmenorrhea and menorrhagia. (R. 45-49). In this case, the court would have to deliberately "close its eyes," *Powell*, 773 F.2d at 1575, to the ALJ's obvious legal error in omitting any discussion of Young's complaints of dysmenorrhea and menorrhagia – particularly in light of the testimony presented at the administrative hearing, the extensive medical record documenting these disorders, the reference to these disorders in the plaintiff's initial brief, and *the ALJ's numerous notes in his own opinion* observing (without any analysis) that the medical record establishes the presence of these underlying medical conditions. (*See* R. 45-47, 54, 67-70).

Therefore, on February 15, 2012, the court ordered the parties to submit briefs "addressing whether this case should be remanded to the Commissioner because the ALJ erred as a matter of law in rejecting, failing to consider, or failing to state a basis for rejecting the plaintiff's allegations of severe menstrual pain and excessive bleeding." (Doc. 17).

The Commissioner complied with the court's order and submitted a brief opposing remand. Although the court ultimately remanded the case due to the ALJ's failure to consider Young's allegations of severe menstrual pain and excessive bleeding under the proper legal standard (*see* Doc. 22), several considerations lead this court to conclude that the Commissioner was substantially justified in opposing remand, and that an award of attorneys' fees would be unjust in this case.

First, the Commissioner submitted a brief arguing that the case should not be remanded *because the court ordered her to submit the brief.* (*See* Doc. 17). Compliance

with a court order is always justified.

Second, the Commissioner argued in her supplemental brief that Young had waived any consideration of the ALJ's failure to consider her dysmenorrhea and menorrhagia because she did not present legal arguments on the issue in her initial brief. The cases cited by the Commissioner on the issue of waiver were plainly distinguishable, and the court did not rule in the Commissioner's favor on this issue. (*See* Doc. 21 pp. 6-10 (explaining the district court's authority to enter judgment on a question of law, even on an issue that was not raised by either party, so long as the court has provided all parties with notice and a reasonable opportunity to respond)). However, given the lack of controlling precedent on the question in the specific context of social security appeals at the district court level, the court is not willing to hold that the Commissioner's position was substantially unjustified, especially when the argument was submitted in response to a court order. *Cf. United Constr. Co., Inc. v. United States*, 11 Cl. Ct. 597, 600 (Cl. Ct. 1987) ( holding that the government's position was substantially justified and "clearly reasonable in that its argument was jurisdictional and no court had applied the precedents to the facts presented").

"Section 2412(d)(1)(A) disallows fees where 'special circumstances make an award unjust'" and "gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Scarborough v. Principi*, 541 U.S. 401, 422-43 (2004) (quoting H. R. Rep. No. 96-1418, at 11 (1980)). As earlier explained, Young's initial arguments had no reasonable legal or factual support. *Cf. Douglas*, 55 U.S. at 588 (holding

8

that the government's position is substantially justified under the EAJA "when it has a reasonable basis in both law and fact"). An award of attorneys' fees in this case would unjustly reward Young's attorney (at the Commissioner's expense) for filing an initial brief presenting meritless legal arguments, and it would encourage other lawyers to do the same in hopes that the courts will take note of any reversible error that the plaintiff's lawyer missed. Although this court *may* grant judgment as a matter of law after providing the parties an opportunity to respond, this court is not an advocate for either party, and it does not have the obligation or the luxury to sift through every case with a fine-toothed comb looking for issues that the parties' attorneys may have overlooked. *Powell*, 773 F.2d at 1575 (holding that, in a social security case, the court is not permitted "to close [its] eyes when presented with *clear* error in the application of the governing statute, or with evidence insubstantial *on its face*" (emphasis added)). *Cf.* Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court *may*. . . grant the [summary judgment] motion on grounds not raised by a party." (emphasis added)).

Therefore, the court concludes that the position of the Commissioner was substantially justified and that special circumstances make an award of attorneys' fees unjust in this case. *See* 28 U.S.C.A. § 2412(d)(1)(A) (providing that fees are to be awarded to the prevailing party "unless the court finds. . . that special circumstances make an award unjust").

## II. CONCLUSION

Accordingly, and for good cause, it is

**ORDERED** that the Plaintiff's motion for attorney fees (Doc. 24) be and is hereby **DENIED.**

Done this 22nd day of July, 2013.

                                           /s/Charles S. Coody
                                           CHARLES S. COODY
                                           UNITED STATES MAGISTRATE JUDGE