IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TANYA BLACK YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11cv889-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On August 10, 2015, plaintiff's counsel filed a petition for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $6,606.25 in attorney's fees for 28.40 hours of work in this court. (Doc. # 30). According to plaintiff's counsel, the Social Security Administration withheld $13,031.25 from the plaintiff's award of past due benefits for payment of attorney's fees which represents 25 percent of the past due benefits awarded. (Doc. # 30 at 2, ¶ 5). Plaintiff's counsel requests $6,606.25 from the amount withheld because counsel was authorized $6,425.00 for work performed at the administrative level. (*Id*. at ¶ 5-6). The plaintiff's counsel has not previously been award any fees under the Equal Access to Justice Act ("EAJA"). The United States takes no position on the award of fees. *See* Doc. #32.

The plaintiff entered into a contingency fee agreement with counsel in which the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013

plaintiff agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to her. (Doc. # 30, Ex. A). On October 17, 2011, the plaintiff sought review of the Commissioner's adverse decision in this court. (Doc. # 1, Compl.). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge. On March 29, 2013, the court remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. # 22 & 23).

On May 26, 2014, the plaintiff was awarded past due benefits, and the Social Security Administration withheld $13,031.25 from her past due benefits for payment of attorney's fees. (Doc. # 30, Ex. C). Plaintiff's counsel was authorized and awarded $6,425.00 in attorney's fees for work performed at the administrative level. *Id. See also* 42 U.S.C. § 406(a). Plaintiff's counsel now seeks payment of fees from this court pursuant to 42 U.S.C. § 406(b) in the amount of $6,606.25. (Doc. # 30 at 3, ¶ 9).

While the United States does not oppose the award of fees, the court must independently determine whether an award of attorney's fees in the amount of $6,606.25 is reasonable in this case. The plaintiff's counsel asserts that he expended 28.40 hours representing the plaintiff in this court. A fee of $6,606.25 equates to an hourly rate of approximately $232.61 for work performed in this court.

In *Grisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002), the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social

Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). However, it is not sufficient for the court to simply accept 25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

*Gisbrecht*, 535 U.S. at 808.

"Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*, at 807. The burden is on plaintiff's counsel to demonstrate the reasonableness of the requested fee. *Id*. Counsel is seeking $6,606.25 in attorney's fees for 28.40 hours of work over a four year period.[2] The hourly rate of the award would equal $232.61 which the court concludes is reasonable on its face. The United States does not object to the award, and the court's judgment about reasonableness is informed by *Gisbrecht's* conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements. Counsel is experienced in representing Social

---

[2] Although the complaint was not filed in this court until October 2011, plaintiff and counsel reached their fee agreement in December 2010. *See* Doc. # 30, Ex. A.

Security claimants, and he has represented Social Security claimants for over twenty (20) years. He regularly practices in this court, and the court is familiar with his work. Consequently, the court concludes that payment in the amount of $6,606.25 which equals 25% of the past due benefits is reasonable under the circumstances of this case.

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b), the petition for attorney's fees (doc. # 30) be and is hereby GRANTED, and the Commissioner shall pay to the plaintiff's attorney $6,606.25 of the amount previously withheld from the plaintiff's past due benefits.

Done this 20th day of August, 2015.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE